**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00777-MSK-CBS

NBH BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.

PRUCO LIFE INSURANCE COMPANY,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

PURSUANT TO FED. R. CIV. P. 26(c), IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT that the following provisions concerning confidential treatment of documents, answers to interrogatories or requests for admission produced by the Plaintiff, NBH Bank, N.A., or the Defendant, Pruco Life Insurance Company, or answers to depositions questions, or other responses to discovery requests, including inspections of tangible items, shall apply in the above-captioned matter.

    1.    This Order shall apply to and govern all documents, things, and information produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken or exchanged pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial, matters in evidence, and other information or copies thereof which the disclosing Party designates as "**CONFIDENTIAL**." Confidential information shall include claims guidelines or information

regarding the interpretation or application of insurance policy provisions; trade secrets; confidential research, development, financial, and commercial information not publicly available; confidential internal claims-handling communications and documents; reserve information; confidential health information; and confidential business, personal, or financial information. Confidential information may or may not also include management plans, business plans and strategies, financial information, tax returns, contracts with employees or customers, marketing and sales information, diaries, journals, day-timers and personal calendars. The Parties expressly acknowledge that discovery may entail the production of materials constituting "protected health information" under 45 C.F.R. § 160.103 and they agree that such information shall be designated "**CONFIDENTIAL**." The Parties intend that this Order serve as a qualified protective order, under 45 C.F.R. § 164.512(e)(1)(v).

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

3. Counsel for the producing Party will review the information to be disclosed and designate the information that counsel believes, in good faith, is confidential or otherwise entitled to protection. The designated information is thereafter entitled to the protections afforded by the blanket protective order unless the designation is objected to by an opposing Party. Judicial review of a Party's designation as confidential occurs only when there is such an objection which the Parties cannot resolve by agreement.

4. **CONFIDENTIAL** information shall not be disclosed or used for any purpose except in the preparation and hearing of this case and may not be used as a basis for any other

action without first obtaining permission of this Court or the producing party. **CONFIDENTIAL** information shall not be disclosed other than to the Parties' respective independent auditors, attorneys, lenders, and reinsurers; state and regulatory authorities where required by law; by order of the Court; or with the consent of the Parties. If disclosure to any of the above third parties is necessary, the Party requesting or making such disclosure will notify the recipient of such information that the recipient is, and will continue to be, bound by this confidentiality provision and may not disseminate any information received, except as permitted or required by law, or by order of a court of competent jurisdiction; and then only upon prior notice to the Parties.

5. **CONFIDENTIAL** documents, materials, and/or information (collectively, "**CONFIDENTIAL** Information") may be disclosed to the following classes of persons (collectively "Recipients"):

    a. Attorneys for the Parties in this proceeding;

    b. Persons employed or associated with the attorneys for the Parties in this proceeding, whose assistance is required by said attorneys in this proceeding;

    c. The Parties, including their officers and employees;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings;

    e. The Court and its personnel;

      f.      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

      g.      Deponents or trial witnesses; and

      h.      Other persons by written agreement of the Parties.

6.      Prior to disclosing any **CONFIDENTIAL** Information to any Recipients listed above (other than counsel, persons employed by counsel, officers and employees of the Parties, the Court and Court personnel, and stenographic reporters), counsel for the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  Such written acknowledgment shall be in the form as provided in **Exhibit A** to this Stipulated Protective Order, attached hereto and incorporated herein.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by counsel of record for either Party to this action.

7.      Documents are designated as **CONFIDENTIAL** by placing or affixing on them (in a manner that will not interfere with their legibility) the word "**CONFIDENTIAL**."

8.      Documents previously produced may be retroactively designated as "**CONFIDENTIAL**" by notice in writing within thirty (30) days of the entry of this Order and shall be treated as Confidential from the date written notice of the designation is received.  Documents inadvertently produced without designation as "**CONFIDENTIAL**" may be retroactively designated pursuant to Paragraph 7 and shall be treated as Confidential from the date written notice of the designation is provided.  It shall be the responsibility of the Party

retroactively designating documents as "**CONFIDENTIAL**" to prepare replacement copies of all previously produced documents with the proper "**CONFIDENTIAL**" legend and the same bates numbers as the previously produced documents. If any documents are retroactively designated as "**CONFIDENTIAL**," the Party making the retroactive designation shall replace the entire set in which the retroactively designated documents were originally produced. This is intended to minimize confusion over documents which are retroactively designated as "**CONFIDENTIAL**."

9. A Party may designate documents produced by another Party as "**CONFIDENTIAL**" if they are documents that were originally produced or created as records of the Party requesting the "**CONFIDENTIAL**" designation. A Party may also designate documents produced by another Party or a Third Party as "**CONFIDENTIAL**" if the documents implicate privacy issues of the requesting Party or if the documents contain or relate to confidential information or trade secrets of the requesting party. Such designation shall only apply to the copies of the documents which are produced in this litigation and shall not affect copies of the same documents which are maintained by the Producing Party as business records. The Party requesting that documents be designated as "**CONFIDENTIAL**" shall utilize the procedure set out in Paragraph 8.

10. Whenever a deposition involves the disclosure of **CONFIDENTIAL** information, the deposition or portions thereof shall be designated as **CONFIDENTIAL** and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as **CONFIDENTIAL** after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A Party may object to the designation of particular confidential information by giving written notice to the Party designating the disputed information within fourteen (14) business days after being notified of the designation. The written notice shall identify the information to which the objection is made and the specific basis for such objection. If the Parties cannot resolve the objection within fourteen (14) business days after the time the written notice of objection is received, it shall be the obligation of the Party designating the information as **CONFIDENTIAL** to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as **CONFIDENTIAL** under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information loses its designation as **CONFIDENTIAL** and shall not thereafter continue to be treated as **CONFIDENTIAL** in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as **CONFIDENTIAL** shall bear the burden of establishing that good cause exists for the disputed information to be treated as **CONFIDENTIAL**.

12. In the event that any Party files with the Court documents which have been designated **CONFIDENTIAL**, the documents which have been designated as **CONFIDENTIAL** shall be filed and served in accordance with D.C.COLO.L.Civ.R 7.2, with Level 1 Restricted Access, and shall be maintained under seal by the Court. The Party filing the

documents under seal shall reference this Order as the authority for filing the documents under seal and the Clerk of Court is directed to accept such sealed documents for filing.

13. The Parties acknowledge that the terms hereof are intended to apply to all documents disclosed in the above captioned matter whether such documents were disclosed before or after the date of this Order.

14. Notwithstanding any other provision in this Stipulated Protective Order, nothing in this Stipulated Protective Order shall disallow the maintenance of information and/or documents by an insurance carrier involved with the adjustment or evaluation of claims associated with this case, within such carrier's claim file systems, including electronic claim file systems, under privacy protection and records retention requirements of applicable law; or disallow the disclosure of information and/or documents by such carrier as permitted or required by such applicable law, or as required by subpoena or court order.

15. Nothing herein shall prevent disclosure beyond the terms of this Order if (a) the producing party of confidential information consents in writing to such disclosure, or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

16. Nothing contained in this Order shall affect the right of any party to make objections or other responses permitted by the Federal Rules of Civil Procedure to any request for production of documents, interrogatory, request for admission, or question at a deposition, except matters of confidentiality which this Order has addressed. Nothing in this Order shall constitute a ruling on any such claim.

17. This Order is entered pursuant to F.R.C.P. 26(c). The protections afforded pursuant to this Order are continuing. No confidential information shall be disclosed in violation of this Order either during or after this litigation.

18. This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for the Parties to be heard.

DATED at Denver, Colorado, on August 8, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Stipulated and approved this 6th day of August 2014:

*S/ Brett Payton*
Brett Payton
Coan, Payton & Payne, LLC
Phone: (719) 339-3500
E-Mail: bpayton@cp2law.com

*Counsel for Plaintiff*

*S/ L. Michael Brooks*
L. Michael Brooks
Rachel Ollar Entrican
Wells, Anderson & Race, LLC
Phone: (303) 830-1212
E-Mail: mbrooks@warllc.com
rentrican@warllc.com

*Counsel for Defendant*

## EXHIBIT A:

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Protective Order in the pending lawsuit between NBH Bank, N.A. and Pruco Life Insurance Company; that he/she is one of the persons contemplated in Paragraph 5 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order.  The undersigned consents to jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date:  _____

_____
Signature

_____
Title or Position

_____
Printed Name